JOURNAL ENTRY and OPINION.
{¶ 1} Clarence P. Terrell appeals from a judgment of the domestic relations court granting Jeanetta Terrell's petition for a domestic violence protection order and allocation of funds the parties received from their various rental properties. On appeal, he assigns the following as errors for our review:
 {¶ 2} "The trial court abused its discretion upon the issuance ofa support order on appellant in the absence of allowing appellant theopportunity to introduce direct and rebuttal evidence relevant to theissue of support.
 {¶ 3} "The trial court abused its discretion by precludingappellant from introducing evidence regarding the financial incentives andmotivations appellee had in falsely alleging domestic violence, thusattacking her credibility."
 {¶ 4} "The trial court erred in finding that appellant engaged indomestic violence against appellee since said finding was based uponinsufficient evidence and against the weight of the evidence." After reviewing the arguments of the parties and the pertinent law, we affirm the trial court's judgment. The apposite facts follow.
 {¶ 5} On October 11, 2001, Jeanetta filed a complaint for divorce and a petition for a domestic violence civil protection order against her husband, Clarence. On the same day, the trial court issued a temporary ex parte protection order, and scheduled the matter for a full hearing. The order enjoined Clarence from contacting Jeanetta and their minor son, Clarence, Jr., and from coming within 500 feet of them, from disposing of any property, and from possessing any deadly weapons. The entry further ordered Clarence to surrender possession of the couple's 1998 Ford Windstar to Jeanetta, awarded her temporary custody of Clarence, Jr., and ordered Clarence to endorse and deliver to Jeanetta all Section 8 rent checks issued to Clarence.
 {¶ 6} The court conducted the hearing on November 2, 2001. During the hearing, Jeanetta testified that Clarence had physically abused her throughout their marriage, which commenced on December 31, 1964. According to Jeanetta, on August 22, 2001, Clarence threatened to shoot her and Clarence, Jr. with his .38 caliber pistol. At this time, she decided to leave the marital home. Her allegations were corroborated by the testimony of Marilyn Elaine Terrell Jones, the parties' adult daughter.
 {¶ 7} Clarence testified and denied Jeanetta's allegations. Further, during cross-examination of Jeanetta, Clarence's attorney focused on the absence of a police report or medical records to substantiate Jeanetta's allegations of abuse. When Clarence's counsel attempted to cross-examine Jeanetta about her spending habits, her counsel objected, and the trial court sustained the objection.
 {¶ 8} Clarence further testified the couple owned a number of rental properties, they received a "Section 8" check in the amount of $993 per month, and he collected the balance of the rental income from his tenants. According to their respective testimonies, both parties collect social security; Clarence receives $650 per month, and Jeanetta receives $531 per month. The trial court did not allow any additional evidence regarding the couple's finances.
 {¶ 9} On November 9, 2001, the trial court issued the aforementioned protection order.
 {¶ 10} In his first assigned error, Clarence argues the trial court abused its discretion by allowing Jeanetta's counsel to fully examine both parties regarding their finances but precluding his counsel from cross-examining Jeanetta regarding her spending habits. In the second assigned error, Clarence argues the trial court also abused its discretion when it precluded evidence of Jeanetta's possible financial motives for alleging domestic violence. We disagree.
 {¶ 11} At the outset, we note it is within the trial court's discretion to control the scope of cross-examination.[1] Absent a clear and prejudicial abuse of discretion, an appellate court will not reverse a ruling by a trial court on the scope of cross-examination.[2] Thus, a reviewing court should not substitute its judgment for that of the trial court.[3] An appellant has the burden to show a patent abuse of discretion regarding a trial court's decision on the scope of cross-examination.[4]
 {¶ 12} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing [* * *] considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[5]
 {¶ 13} During the hearing, the following exchange took place between Clarence's counsel and Jeanetta:
 {¶ 14} "MR. MAYER: This is all about money, isn't it?
 {¶ 15} "JEANETTA: Money? What money?
 {¶ 16} "Q. You trying to get money?
 {¶ 17} "A. No. I'm not trying to get money. I feel that I deserve something.
 {¶ 18} "Q. Oh, you're entitled to it. But don't you have a spending problem?
 {¶ 19} "A. No. I don't have a spending problem.
 {¶ 20} "Q. You don't have a spending problem?
 {¶ 21} "A. No. I do not.
 {¶ 22} "Q. You filed a motion for support, correct?
 {¶ 23} "A. Yes.
 {¶ 24} "Q. You filed it with the Court. You swore it's all accurate. You spend 300 bucks a month on clothes?
 {¶ 25} "A. No.
 {¶ 26} "Q. That was your motion?
 {¶ 27} "A. Yes, I spent it and I pay my note.
 {¶ 28} "THE COURT: Wait a minute. You have a support motion pending?
 {¶ 29} "MR. MAYER: Yes, Your Honor.
 {¶ 30} "THE COURT: Then we're not going to dispose of that here then. "MR. MAYER: I think part of the issue is that this whole thing is over money.
 {¶ 31} "THE COURT: Well, that's your argument. But we're not going to get into it any further. I didn't know that there was a motion pending."
 {¶ 32} In Keating v. Keating,[6] the husband argued the trial court improperly sustained objections to questions about his wife's spending habits. In that case, we stated: "Evid.R. 103(A)(2) provides that preliminary questions concerning the admissibility of evidence shall be determined by the court. In Birath v. Birath (1988), 53 Ohio App.3d 31,558 N.E.2d 63, the court said that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and the substance of the evidence is made known to the court."[7]
 {¶ 33} In this case, the trial court heard evidence of the parties' finances in order to determine temporary support for Jeanetta. Both parties inquired as to the rental properties owned and the amount of rent each tenant paid. As to the extent of the temporary order, the only relevant inquiry was how much money came into the marriage on a monthly basis. The evidence showed Jeanetta received $531 per month in social security and Clarence received $650 per month. Further, the couple received $993 per month from Section 8 housing and the remainder of rent was paid by the tenants.
 {¶ 34} The trial court allowed both parties to inquire about the amount of money that came into the marriage and precluded both parties from inquiring as to the spending habits of the other and any of Jeanetta's possible motives. Because the amount of money coming into the marriage on a monthly basis was the only relevant inquiry, Clarence failed to demonstrate prejudice, or that a substantial right was affected. Accordingly, we conclude the trial court did not abuse its discretion and overrule Clarence's first and second assigned errors.
 {¶ 35} In his third assigned error, Clarence argues the trial court's finding of domestic violence was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 36} The statutory requirement in determining whether to issue a civil protection order pursuant to R.C. 3113.31 is:
 {¶ 37} "* * * the occurrence of one or more of the following acts against a family or household member:
 {¶ 38} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 39} "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *."[8]
 {¶ 40} The household member seeking the civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence.[9] Thus, in a case where an appellant asserts that the court's judgment is against the manifest weight of the evidence, we will not reverse the trial court's decision if that judgment is supported by some competent, credible evidence going to the essential elements of the case.[10] Furthermore, on appeal, we presume that the findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the proffered testimony.[11]
 {¶ 41} The court in Felton examined this same issue. In that case, the wife testified the husband's assaults upon her increased during their marriage and continued after their divorce. She testified he would harass her on the phone and she was afraid to do anything to anger him, fearing he would try to kill her. The court also heard corroborating testimony from a third party, who stated the husband told him he had hit his wife two or three times. The witness stated he saw a bruise mark on the victim's shoulder. The Felton court held:
 {¶ 42} "Without controverting evidence, this testimony presents sufficient, credible evidence to prove by a preponderance of the evidence that appellee had engaged in acts of domestic violence. * * * Domestic violence is seldom committed in the presence of eyewitnesses. Moreover, in many cases medical evidence is absent. Often the only evidence of domestic violence is the testimony of the victim. Generally, the victim will not photograph bruises or share these episodes of abuse with others."[12]
 {¶ 43} R.C. 3113.31 establishes jurisdiction and hearing guidelines for domestic relations hearings; however, it does not delineate the type of evidence to be considered by a trial court during those hearings. Specifically, it does not require any corroboration of the victim's own testimony.[13]
 {¶ 44} In conformity with Felton, we conclude that Jeanetta's testimony alone constitutes sufficient evidence to support the trial court's finding of domestic violence and that the finding is not against the manifest weight of the evidence. Therefore, Clarence's third assigned error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCUR; TERRENCE O'DONNELL, J., CONCURS IN PART AND DISSENTS IN PART WITH ATTACHED OPINION.
[1] State v. Woodard (1993), 68 Ohio St.3d 70; Berlinger v. Mt.Sinai Medical Ctr. (1990), 68 Ohio App.3d 830.
[2] Clymer v. Clymer (Sept. 21, 2000), Franklin App. No. 99AP924. See, also, Pierce v. Pierce (Nov. 14, 2001), Marion App. No. 9-01-15 (Explaining that in reviewing a trial court's decision to admit or exclude evidence, an appellate court "must limit its review to whether the lower court abused its discretion.")
[3] State v. Finnerty (1989), 45 Ohio St.3d 104.
[4] State v. Walker (1978), 55 Ohio St.2d 208.
[5] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257.
[6] (June 17, 1993), Cuyahoga App. No. 63885, 64943.
[7] Id. at 15.
[8] R.C. 3113.31(A)(1).
[9] Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus.
[10] C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
[11] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
[12] Felton at 37-38.
[13] Id. See R.C. 3113.31.