DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that, following a jury trial, found appellant guilty of four counts of felonious assault and one firearm specification. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Lenneth Strickland sets forth the following assignments of error:
 {¶ 3} "Assignment of Error I:
 {¶ 4} "The trial court erred by refusing to allow detailed relevant evidence about appellant's subjective state of mind at the time of the offense, limiting the presentation of evidence supporting appellant's assertion of the privilege of defense of others, thereby denying appellant the rights guaranteed him by the Sixth andFourteenth Amendments of the Constitution of the United States and Article 1, Section 10 of the Ohio Constitution.
 {¶ 5} "Assignment of Error II:
 {¶ 6} "Lenneth Strickland's right to the effective assistance of counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution was violated when his trial counsel failed to request a mistrial when a police officer testified as to the veracity of a defense witness."
 {¶ 7} The undisputed facts that are relevant to the issues raised on appeal are as follows. On January 11, 2001, appellant was indicted on one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A), with a three-year firearm specification, and four counts of felonious assault in violation of R.C. 2903.11(A)(2), each with a firearm specification. The charges arose from a brawl on December 14, 2000, in appellant's front yard involving appellant, his son, Chris Campbell, and approximately eight other men. During the course of the fight, Brian Moore was shot in the back and left paralyzed from the chest down. Three other men also were injured.
 {¶ 8} A jury trial was held and on July 6, 2001, the jury returned a verdict of not guilty as to attempted murder and guilty as to the remaining four counts. Appellant was sentenced on July 23, 2001 and filed a timely appeal.
 {¶ 9} In his first assignment of error, appellant asserts that the trial court erred by refusing to allow detailed testimony as to his state of mind at the time the offenses were committed. Appellant argues that the testimony would have supported his affirmative defense that he acted in defense of his son, Christopher Campbell.
 {¶ 10} The record shows that at the close of the state's case, the defense moved for acquittal pursuant to Crim.R. 29. The trial court denied the motion. Defense counsel then advised the court that he intended to introduce evidence as to appellant's subjective state of mind, which would include testimony that appellant's house had been shot at approximately three or four months before this incident and that appellant's son, Christopher Campbell, had been the victim of assault three years earlier. Upon questioning by the court, counsel admitted that there was no evidence that the people involved in the December 2000 fight were the same ones who had shot at appellant's house or who had assaulted his son. The trial court then ruled that counsel could ask appellant why he had a gun and that appellant could testify that he was fearful on that day because his house had been shot at and his son had been assaulted, but that it would not allow a photograph of the bullet hole in appellant's house or specific testimony as to the assault on Christopher.
 {¶ 11} The admission or exclusion of evidence is generally left to the discretion of the trial court. State v. Maurer (1984),15 Ohio St.3d 239, 265. "An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v.Jenkins (1984), 15 Ohio St.3d 164; State v. Adams (1980),62 Ohio St.2d 151. "Evidence that would support a defendant's explanation of the events at issue and would provide evidence as to his possible state of mind at the time of the incident is clearly relevant to his or her defense." State v. Nemeth (1998), 82 Ohio St.3d 202, 207.
 {¶ 12} Appellant argues that his state of mind at the time of the offense was relevant to the issue of self-defense and that he should have been permitted to present evidence that he had acted in defense of his son, Christopher. The trial court did not disagree with appellant's assertion that the two events were relevant to the charges against him. As noted above, the trial court allowed appellant to present testimony as to those two events. The court ruled, however, that appellant would not be permitted to testify in detail as to those events. Testimony as to the events was allowed, although to a limited extent, as the trial court had informed the parties it would be. Thus, the jury was aware that appellant's house had been shot at and that his son had been assaulted three years earlier.
 {¶ 13} Based on the foregoing, we find that appellant was not prevented from presenting evidence as to his state of mind at the time of the offense. The trial court did not abuse its discretion when it limited the extent of the testimony in question, and appellant's first assignment of error is not well-taken.
 {¶ 14} In his second assignment of error, appellant asserts that he was denied effective assistance of counsel because his attorney failed to move for a mistrial when one of the state's witnesses made a statement as to the veracity of a defense witness. In this instance, one of the officers who responded to the scene after the shooting testified as to his interview with Sylvia Campbell, the mother of appellant's son Christopher. When asked by defense counsel how much of the information that Campbell gave him he considered important enough to include in his report, Officer Wichman stated, "If I put every lie in there that she told me it would be about a seven-page report." Counsel admonished the witness to answer the question without editorializing. Appellant argues that the witness's comment must have affected the jury's perception of Sylvia Campbell when she testified later in the trial. He further asserts that granting a mistrial would not have caused great inconvenience because Officer Wichman was the first witness.
 {¶ 15} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984),466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v.Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 16} We note that effective assistance of counsel does not equate with a winning defense strategy and debatable trial tactics do not necessarily constitute a violation of defense counsel's duties. State v.Clayton (1980), 62 Ohio St.2d 45, 49. Counsel is not ineffective simply because a better trial strategy may have been available. Clayton, supra. Further, a defendant must demonstrate, not merely speculate, that defense counsel's trial tactics prejudiced him. See State v. Bradley (1989),42 Ohio St.3d 136, 143.
 {¶ 17} It is established that a witness may not express his or her belief or opinion as to the credibility of another witness. State v.Boston (1989), 46 Ohio St.3d 108. We do not believe, however, that appellant has overcome the strong presumption that counsel's decision with respect to the foregoing claim constituted reasonable trial strategy. Furthermore, appellant has not sufficiently demonstrated how the allegedly deficient performance prejudiced his defense. While Officer Wichman's reference to Campbell's lack of credibility was arguably objectionable, defense counsel knew at the time the comment was made that Campbell would be testifying for the defense and that he would have the opportunity to rehabilitate any "character damage" that might have occurred. It appears to this court that counsel intentionally chose not to move for a mistrial rather than risk calling attention to the comment and then having the trial court deny the motion. Furthermore, we believe that appellant's arguments essentially constitute the hindsight review of counsel's conduct that both the United States and the Ohio Supreme Courts have cautioned against. See Strickland, supra; see, also, State v.Keenan (1998), 81 Ohio St.3d 133, 153.
 {¶ 18} Upon consideration of the foregoing, this court finds that trial counsel's performance was not deficient and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 19} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Pietrykowski, J., concur.