THE STATE OF OHIO, APPELLANT, *v.* FINNERTY, APPELLEE.

[Cite as State *v.* Finnerty (1989), 45 Ohio St. 3d 104.]

(No. 88-1720—Submitted May 17, 1989—Decided August 23, 1989.)

Crim. R. 16 provides for discovery and inspection by either party in a criminal action.[2] Crim. R. 16(B) imposes on the prosecutor a duty to disclose certain information upon a proper discovery request made by the defendant. Included in this rule is a provision for discovery of witness' names, addresses, and records of felony convictions.

"Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *" Crim. R. 16(B)(1)(e).

The duty to disclose information pursuant to a proper discovery request is continuous. "If, subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, he shall promptly make such matter available for discovery or inspection, or notify the other party or his attorney or the court of the existence of the additional matter, in order to allow the court to modify its previous order, or to allow the other party to make an appropriate request for additional discovery or inspection." Crim. R. 16(D). See, also, *State* v. *Apanovitch* (1987), 33 Ohio St. 3d 19, 26, 514 N.E.2d 394, 401-402.

Rebuttal witnesses, as well as witnesses used in the prosecution's case-in-chief, fall within the scope of

*Gregory A. White,* prosecuting attorney, and *Jonathan E. Rosenbaum,* for appellant.

*Smith & Smith Attorneys, Gerald M. Smith* and *Daniel Wightman,* for appellee.

ALICE ROBIE RESNICK, J. The issue before this court is when the prosecution, upon a proper discovery request, fails to furnish the defendant with the name of a known rebuttal witness, must the trial court exclude the testimony of the rebuttal witness?

---

[2] "(A) Demand for Discovery. Upon written request each party shall forthwith provide the discovery herein allowed. * * *"

discovery. See *State* v. *Howard* (1978), 56 Ohio St. 2d 328, 333, 10 O.O. 3d 448, 451, 383 N.E. 2d 912, 915; *State* v. *Parson* (1983), 6 Ohio St. 3d 442, 445, 6 OBR 485, 487, 453 N.E. 2d 689, 691. Thus, if the prosecution does not provide the name of a rebuttal witness upon a defendant's request for such information, the trial court may impose sanctions on the prosecution.

Crim. R. 16(E)(3) sets forth several sanctions when a party fails to comply with a discovery request. "* * * [T]he court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." It is within the trial court's discretion to decide what sanction to impose. See *Apanovitch, supra,* at 26, 514 N.E. 2d at 402; *Parson, supra,* at 445, 6 OBR at 487, 453 N.E. 2d at 691; *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, 42, 3 O.O. 3d 18, 24, 358 N.E. 2d 1051, 1059-1060.

Exclusion of the rebuttal witness' testimony is only one sanction among many that the trial court can impose. In *Howard, supra,* the prosecution called a rebuttal witness, whose name the prosecution had not given to the defense, in order to attack the credibility of the defendant. We stated that the philosophy of the Criminal Rules was to "* * * remove the element of gamesmanship from a trial. [Accordingly], [t]he state should furnish upon a proper demand the names of all witnesses it *reasonably anticipates it is likely to call,* whether in its case-in-chief or in rebuttal. * * *" (Emphasis added.) *Id.* at 333, 10 O.O. 3d at 451, 383 N.E. 2d at 915. However, we held that because no request for a continuance was made by the defendant and because the trial court explicitly instructed the jurors to limit the rebuttal witness' testimony to the issue of the defendant's credibility, the trial court had not committed prejudicial error. Likewise, in *Edwards, supra,* at 42-43, 3 O.O. 3d at 24-25, 358 N.E. 2d at 1059-1060, the prosecution failed to provide the defense with the name of a witness to be called in its case-in-chief. Despite this omission, we held that the trial court properly could admit this testimony in view of the fact that the prosecutor's mistake was inadvertent; that the defense was not surprised by the testimony; and that the defense counsel did not ask for a continuance.

Hence, it is evident from our prior holdings that failure to comply with a discovery request for names of witnesses does not automatically result in exclusion of their testimony. If this were true, then Crim. R. 16(E)(3) would be meaningless. "* * * The court is not bound to exclude such material at trial although it may do so at its option. Alternatively, the court may order the noncomplying party to disclose the material, grant a continuance in the case or make such other order as it deems just under the circumstances. * * *" *Parson, supra,* at 445, 6 OBR at 487, 453 N.E. 2d at 691.

An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. Appellee herein asserts that the trial court did commit prejudicial error in allowing the rebuttal witness to testify. Appellant, on the other hand, contends that the trial court did not abuse its discretion in admitting this testimony.

A trial court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See *State* v. *Jenkins* (1984), 15 Ohio St.

3d 164, 222, 15 OBR 311, 361, 473 N.E. 2d 264, 313.

In the instant case appellee's defense was "not guilty by reason of insanity." Appellee presented two experts who testified that appellee was legally insane when he killed Timothy Kolleda. Dr. Bertschinger stated that appellee had a long-standing mental illness which apparently was brought on by his trip to Duluth. The vast majority of the defense was devoted to this expert testimony. In view of this defense, the prosecution could not reasonably expect that the defense would present evidence as to appellee's peaceful nature. Indeed, only a few pages of the transcript pertain to testimony by non-expert defense witnesses. From a view of the record and in light of the circumstances, we do not find that the trial court acted in an unreasonable, arbitrary or unconscionable manner; hence, we find no abuse of discretion.

The rebuttal witness could not have testified in the appellant's case-in-chief. See Evid. R. 404(A)(1). In *Howard, supra,* at 333, 10 O.O. 3d at 451, 383 N.E. 2d at 915, we stated that the prosecution should furnish the names of witnesses it "* * * *reasonably anticipates* it is likely to call." (Emphasis added.) Faced with an insanity defense, we cannot say that the prosecution should have "reasonably anticipate[d]" that it would be able to use this witness to rebut testimony as to appellee's peaceful character. The prosecution could use the testimony of the rebuttal witness only if appellee first put his character into evidence. Appellant learned of the existence of the rebuttal witness on Friday, July 17, 1987. The trial was to begin the following Monday. Appellant did not know that it could use the rebuttal testimony until trial on Tuesday when appellee placed his character as a gentle and non-violent person into evi-

dence. The next morning, it appears that appellant notified the court, as well as the appellee, of the rebuttal witness. Thus appellant supplied the defense with the name of the rebuttal witness as soon as it became apparent that the state would use her testimony.

Appellee should not have been surprised by this witness' testimony as it concerned a statement that he allegedly made; hence, it should have been within his knowledge. Moreover, during cross-examination on Tuesday, appellant asked Dr. Bertschinger a hypothetical question as to whether his diagnosis of appellee would change if he knew that Finnerty had threatened to kill Kolleda long before the Duluth trip. Dr. Bertschinger said such information would not change his opinion.

Appellee did not ask for a continuance when faced with this rebuttal witness. Instead he asked for the most stringent option—total exclusion of the testimony. In the absence of a motion for a continuance, "* * * the trial court properly concluded that defense counsel was prepared to go forward at that time. * * *" *Edwards, supra,* at 43, 3 O.O. 3d at 24-25, 358 N.E. 2d at 1060.

The record also shows that the trial court instructed the prosecution, in the hearing of the jury, to limit the rebuttal witnesses' testimony to the testimony of the character witnesses and Dr. Bertschinger.

In view of the above circumstances, the trial court did not abuse its discretion in admitting rebuttal testimony concerning appellee's remarks about Kolleda.

In reversing the trial court, the appellate court apparently relied on *Parson, supra.* In *Parson,* we held that a trial court did not abuse its discretion when it admitted evidence of a co-defendant's prior statement, even though the prosecution had failed to

comply with the discovery request. Such evidence could be admitted if the record did not demonstrate "* * * (1) that the prosecution's failure to disclose was a willful violation of Crim. R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement * * *." *Id.* at the syllabus.

The appellate court in the instant case stated that it did not find a willful violation of the discovery rule. Indeed, the record does not evince that appellant's failure to disclose was even a negligent omission as it was found to be in *Parson.* Here the prosecution could not have known that it would be able to use this rebuttal witness until it heard the defense witnesses testify that appellee was a peaceful, nonviolent man.

The appellate court, however, did determine that foreknowledge of the testimony would have benefited appellant in preparing his defense. It also found that the testimony prejudiced him. However, it was pure speculation on the part of the appellate court that this was the effect of the admission of this testimony. While it is possible that appellee may have changed his defense if he had known of the rebuttal witness, this is conjecture on the part of the court of appeals and is not sufficient to support a finding of abuse of discretion by the trial court. "The trial court had broad discretion in the admission and the exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, the court should be slow to interfere." *State* v. *Hymore* (1967), 9 Ohio St. 2d 122, 128, 38 O.O. 2d 298, 302, 224 N.E. 2d 126, 130, certiorari denied (1968), 390 U.S. 1024. See, also, *State* v. *Sage* (1987), 31 Ohio St. 3d 173, 182, 31 OBR 375, 382, 510 N.E. 2d 343, 350; *State* v. *Long* (1978), 53 Ohio St. 2d 91, 98, 7 O.O. 3d 178, 182, 372 N.E. 2d 804, 808.

Accordingly, the judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY and H. BROWN, JJ., dissent.