OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court which found appellant guilty of one count of assault and sentenced him to thirty days incarceration. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN REFUSING TO ALLOW EVIDENCE OF A PRIOR ALTERCATION BETWEEN APPELLANT AND THE ALLEGED VICTIM WHICH RESULTED IN SEVERE AND PERMANENT INJURIES TO APPELLANT, REQUIRING HOSPITALIZATION."
The facts that are relevant to the issues raised on appeal are as follows. On February 18, 1998, appellant Kassem El-Helou was arrested and charged with the assault of Ibrahim Orra in violation of Toledo Municipal Code Section 537.03. The matter proceeded to trial before a jury on June 11, 1998.
Orra testified that on February 18, 1998, he walked into the Sunoco station at Summit and Chestnut Streets and saw appellant inside talking on a cordless phone. Orra stated that appellant approached him, still holding the phone, and said, "What the hell are you looking at?" Orra replied, "I'm looking at nothing." He further testified that he and appellant then exchanged "cuss words." Orra testified that a store clerk stepped between the two men and, as the clerk did so, appellant reached around and hit Orra in the forehead with the phone. Orra stated that he moved toward appellant but the clerk restrained him. Orra asked appellant if he wanted to "take it outside" and Orra left the store. Orra testified that a few minutes later he called the police. While he waited outside, he called in to appellant to come out and fight. He further stated that appellant did not come outside until the police arrived. The police talked to the men and placed appellant under arrest.
During cross-examination, defense counsel attempted to ask Orra whether the incident at the Sunoco station was the first altercation between the two men. The state objected and the court heard arguments from the prosecution and defense outside the presence of the jury. The defense then proffered the following evidence as to a 1994 assault on appellant by Orra. In October 1994, appellant was working at a bakery in Toledo which sat on property owned by Orra's family when Orra came to the bakery to collect some past-due rent. Orra was verbally abusive and wrestled appellant to the ground. Orra left the store but returned later and assaulted appellant. Appellant suffered permanent injury to his right arm and shoulder and required extensive hospitalization and medical treatment. Sometime thereafter, appellant filed a lawsuit against Orra which was settled in December 1996 through payment of $7,500 cash and real estate worth approximately $15,000. Appellant also proffered the written settlement agreement. Appellant proffered that Orra told him, when coming toward him in the Sunoco station, "The only thing you're good for is suing people." The state argued that the evidence of the 1994 incident was irrelevant to the 1998 incident and had no bearing on appellant's affirmative defense of self-defense. The trial court sustained the state's objection and refused to allow evidence of the 1994 beating. The trial court found that for purposes of self-defense, the events that took place between the parties four years earlier, and the subsequent lawsuit, are irrelevant.
"An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Jenkins (1984), 15 Ohio St.3d 164;State v. Adams (1980), 62 Ohio St.2d 151.
In this case, appellant claimed he acted in self-defense when he struck Orra. Appellant testified that he believed Orra would hit him and was afraid because Orra is much bigger than he. Taking a close look at the evidence proffered by appellant, we see that it was direct evidence of what Orra said to appellant before appellant struck him. The proffered testimony is relevant to appellant's claim that his fear of again being seriously assaulted by Orra was renewed when Orra came into the gas station and made a direct reference to the lawsuit that arose out of the first incident.
This court considered this same evidentiary issue inHolbrook v. Swabley (May 24, 1996), Huron App. No. H-95-043, unreported, and found that the trial court abused its discretion in ruling similar evidence inadmissible. We note that in Holbrook
the first altercation between the parties had taken place only one year before the second as opposed to four years in this case but, for the reasons set forth above, we find that evidence of the earlier assault was relevant and should have been admitted. Accordingly, we find that the trial court abused its discretion by ruling the proffered evidence inadmissible and appellant's sole assignment of error is well-taken.
On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair trial. The judgment of the Toledo Municipal Court is reversed and this case is remanded to that court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. JUDGE
James R. Sherck, J. JUDGE
CONCUR.