OPINION
This appeal is taken by defendant-appellant Daniel M. Ramirez from the judgment and sentence entered against him by the Municipal Court of Defiance County.
On November 11, 1998, Patrolman Pugh of the Defiance Police Department filed a complaint against Daniel Ramirez. The complaint alleged that Daniel Ramirez did, on or about November 10, 1998, unlawfully, without privilege, knowingly enter or remain on the premises of Donna Butler, in violation of the Ordinances of the City of Defiance Section 642.12(A) Criminal Trespass.
Initially, Ramirez was not represented by counsel and filed a pro se request for discovery on December 3, 1998. On December 11, 1998, the City filed a Bill of Particulars and a response to the discovery request made by Ramirez. This response included a list of potential witnesses the City intended to call at trial. Subsequently, Ramirez exercised his right to representation and counsel was appointed. Upon entering her appearance, defense counsel filed a formal request for discovery on March 16, 1999. The City responded on March 19, 1999, with another Bill of Particulars and a second witness list the City intended to use at trial.
The jury trial was held in this matter on May 25, 1999. Ramirez was found guilty of criminal trespass and sentence was pronounced. On appeal from that judgment Ramirez makes the following assignment of error:
 The trial court erred and abused its discretion by allowing the testimony of a witness whose identity was not disclosed to defense counsel until the morning of the trial.
Ramirez asserts that the trial court abused its discretion by allowing the testimony of Patrolman Waldron because the witness list received by defense counsel as a result of discovery did not contain his name. Discovery and inspection by either party in a criminal action is governed by Crim.R. 16. Crim.R. 16(B) imposes upon the prosecutor a duty to disclose certain information upon a proper discovery request made by the defendant. Included in this rule is a provision for discovery of witness' names, addresses and records of felony convictions. The duty to disclose information pursuant to a proper discovery request is continuous. Crim.R. 16(D).
If a party fails to disclose information pursuant to a proper discovery request Crim.R. 16(E)(3) sets forth several sanctions:
 "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
This rule does not require the court to grant continuances or prohibit the introduction of certain evidence. The rule grants the court discretion to impose whatever sanction it deems appropriate under the circumstances of the particular case. Statev. Adkins (1992) 80 Ohio App.3d 211; State v. Wiles (1991)59 Ohio St.3d 71, 571 N.E.2d 97; State v. Finnerty
(1989), 45 Ohio St.3d 104, 543 N.E.2d 1233; State v. Montgomery
(1991) 61 Ohio St.3d 410, 575 N.E.2d 167. "The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Moreland(1990) 50 Ohio St.3d 58,552 N.E.2d 894; State v. Adams (1980) 62 Ohio St.2d 151,404 N.E.2d 144.
The Supreme Court set forth the following test for determining if a trial court abused its discretion in admitting undisclosed discoverable evidence:
 "If the record does not reveal that the prosecutor willfully failed to disclose the statement, that foreknowledge of the statement would have benefited the accused, or that admission of the statement caused the accused prejudice, then the trial court did not abuse its discretion by admitting the evidence." State v. Parson (1983) 6 Ohio St.3d 442, 453 N.E.2d 689.
In addition, the Supreme Court has held that when there has been extensive opportunity to voir dire the witness and no continuance has been requested by the defense counsel to do so then the failure of the State to comply with a proper discovery request does not result in prejudicial error. State v. Howard (1978)56 Ohio St.2d 328.
The record reveals that Ramirez filed a request for discovery, a request for a bill of particulars, and a notice of intention to use evidence of December 3, 1998. The City of Defiance complied with the requested discovery materials on December 11, 1998. Upon review of a prior conviction involving the same parties, the City of Defiance updated discovery on February 3, 1999. On that discovery update the city presented Ramirez with the name of Patrolman Waldron.
On February 23, 1999, the date of the trial, Ramirez appeared in Court and requested court-appointed counsel. The trial court delayed the proceedings and appointed counsel for Ramirez, and thereafter continued the matter for jury trial on May 25, 1999.
In preparation for trial, counsel for Ramirez filed a discovery request without knowledge that her client had already received such. The City complied with said request and produced a witness list that did not include the name of Patrolman Waldron. On May 25, 1999, this matter came for a jury trial in the Defiance Municipal Court. Voir dire was conducted by the court and the respective parties and the jury panel was selected. The court provided the appropriate instruction to the jury and recessed prior to hearing opening statements. At this time, in the absence of the jury, counsel for Ramirez formally objected to the City's intention to call Patrolman Waldron as a witness on grounds that the City did not include this witness' name on the response to discovery to defense counsel. In her objection counsel for the defense did not ask for a continuance, rather, merely stated her objection to the witness testifying.
The Court responded to counsel's objection by allowing extensive voir dire of the witness and noting that the Defendant had been made aware of the possibility that Waldron might testify earlier in February. Noting that counsel had not requested a continuance the court proceeded to trial.
Because counsel availed herself of the opportunity for extensive voir dire and did not request a continuance to prepare further, this court cannot say that the trial court abused its discretion by permitting the testimony of Patrolman Waldron or that Ramirez suffered prejudice in the circumstances. As a result, the judgment of the Municipal Court of Defiance County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.