OPINION
Appellant Harold Pierce appeals the March 5, 2001 judgment of the Marion County Court of Common Pleas granting the appellee, Margaret Pierce, a permanent civil protection order.
On October 26, 2000, the appellee filed a petition for a domestic violence civil protection order (CPO). This ex parte order was granted on a temporary basis that same day and set for a full hearing on November 2, 2000. A permanent CPO was granted on November 3, 2000, but this order was subsequently vacated by the trial court upon the appellant's motion and set for a full hearing on February 28, 2001. At the conclusion of the February 28, 2001 hearing, the trial court verbally granted the permanent CPO, which it filed in written form on March 5, 2001. This appeal followed, and Appellant now asserts three assignments of error with the trial court's March 5, 2001 judgment.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF RESPONDENT-APPELLANT BY IMPROPERLY LIMITING THE CROSS EXAMINATION BY HIS ATTORNEY.
 THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 THE FINDINGS OF THE TRIAL COURT WERE INSUFFICIENT TO JUSTIFY THIS ISSUANCE OF A CIVIL PROTECTION ORDER.
 First Assignment of Error
In Appellant's first assignment of error, he maintains that he was prejudiced by the trial court's limitation of cross-examination. Specifically, Appellant contends that the trial court did not allow his counsel to cross-examine one of Appellee's witnesses, Lacey Murphy, about the remodeling of Appellee's home nor did it allow his counsel to elicit testimony from him about the remodeling. In addition, Appellant asserts that the trial court did not permit his counsel to cross-examine another of Appellee's witnesses, Robert Beechum, regarding bias.
"The trial court has broad discretion in the admission and exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [a reviewing] court should be slow to interfere." State v. Hymore (1967), 9 Ohio St.2d 122,128. In reviewing a trial court's decision to admit or exclude evidence, an appellate court "must limit its review to whether the lower court abused its discretion." State v. Finnerty (1989), 45 Ohio St.3d 104,107. An abuse of discretion occurs when a trial court "acts in an unreasonable, arbitrary or unconscionable manner." Id. Thus, "[a] reviewing court should not substitute its judgment for that of the trial court." Id. (citations omitted).
In the instant case, the appellant was permitted to question Lacey Murphy about the remodeling. The only way that the trial court limited Appellant's counsel in this regard was to inquire as to where counsel was going with that line of questioning and to tell him to "[g]et to the point." (Trans. p. 95). Appellant's counsel was able to ask several questions of this witness about the remodeling of Appellee's home, such as when it occurred, which rooms were remodeled, the paneling in the home, and the siding of the home. (See Trans. pp. 94-96).
As to the direct questioning of Appellant by his counsel about the remodeling, the trial court and counsel did have a significant exchange of words about the relevancy of the remodeling, which ultimately resulted in the trial court directing Appellant's counsel to "[a]sk him about the * * * domestic violence." (Trans. pp. 118-120). Counsel then switched his line of questioning in response to the court's directive. However, Appellant's counsel eventually returned to the remodeling issue and was permitted to further question Appellant about the remodeling, which renders much of his current argument moot in this Court's opinion. (See Trans. pp. 127-128).
In addition, the burden is on the appellant to demonstrate how the admission or exclusion of evidence was prejudicial to him. See State v.Chinn (1999), 85 Ohio St.3d 548, 562. In this case, the appellant complains of prejudice based upon the appellee's testimony that Appellant used a knife to make markings in the walls of their home, about which his counsel was not permitted to make inquiry. This does not demonstrate prejudice. Appellant admits that this was only a part of the reason why the appellee needed a CPO. Appellee's testimony and that of her witnesses established that there were other reasons for the necessity of a CPO. In sum, both the fact that counsel for the appellant was able to question witnesses about the remodeling and Appellant's failure to demonstrate prejudice lead this Court to the conclusion that Appellant's argument is without merit.
As to the issue of limitation of cross-examination of Appellee's witness, Robert Beechum, the appellant's argument is also without merit. Appellant maintains that his counsel was not permitted to ask about Beechum's bias. This contention is erroneous. Counsel for the appellant directly addressed Beechum's bias with the following exchange.
 Q: Okay. Would you agree, uh, uh, Robert, that you're taking sides in this divorce case that's pending?
 A: I would say that, uh, I've been against him for probably ten years now.
 * * *
 Q: Because of your involvement in the divorce case you would come to any court and lie for your mother, wouldn't you?
 A: No.
 Q: You would always tell the truth?
 A: Yes, I would. I've always been a man of my word.
Appellant has failed to demonstrate that counsel was precluded from questioning Beechum about his bias much less how any preclusion was prejudicial to Appellant. Thus, Appellant's first assignment of error is overruled.
 Second Assignment of Error
Appellant next contends that the trial court's judgment was against the manifest weight of the evidence. Initially this Court notes that the burden is on the party seeking the CPO to demonstrate by a preponderance of the evidence that a CPO should be granted. Felton v. Felton (1997),79 Ohio St.3d 34, paragraph two of the syllabus. In addition, the decision by a trial court to issue a CPO should be "based upon the facts and circumstances before it, including the weighing of witness credibility." Smith v. Smith (Aug. 16, 2001), Wyandot App. No. 16-01-03, unreported, 2001 WL 929375, *1. Thus, the trial court's decision in this case will not be reversed absent an abuse of discretion. Id. at *2.
In this case, the trial court had significant evidence to support its decision. The appellee testified that over the course of their twenty-year marriage and subsequent separation the appellant had made harassing phone calls to her, broke into their marital home after he ceased living there, recently threatened to kill her, threatened her with a gun, stabbed her in the chest, threatened the lives of her adult children, hit her with objects, slapped and shoved her, shot at her, forced sex upon her while he was intoxicated, and threatened to make her perform fellatio on a dog. While some of these things happened years prior to the petition for a CPO, the appellee's testimony was supported by other witnesses and demonstrated a pattern of abuse by the appellant. Thus, this Court cannot find that the trial court abused its discretion in granting the CPO, and Appellant's second assignment of error is overruled.
 Third Assignment of Error
Appellant's final assignment of error pertains to the findings of the trial court. The Ohio Supreme Court has previously held that "[w]hen granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton, supra. Appellant maintains that the entry of the trial court does not comply with Felton because it allows a CPO to be issued based upon actual occurrences of domestic violence while Felton
permits the issuance of a CPO only when there is a danger of domestic violence.
The appellant misconstrues Felton. According to the appellant's interpretation of Felton, a court could not protect an actual victim of domestic violence, but it could only protect a person who is in danger of future domestic violence. This Court does not believe such an interpretation has any reasonable or rational basis. However, as Felton
noted, the past abuse of a person is often quite indicative of a danger of future domestic violence. Id. at 40-41.
In this case, the trial court's order states that the court found by a preponderance of the evidence that the appellee or her family or household members were in danger of or have been a victim of domestic violence. This order complies with Felton. Accordingly, appellant's third assignment of error is overruled.
For all of these reasons, Appellant's assignments of error are overruled and the judgment of the Marion County Court of Common Pleas is affirmed.
Judgment Affirmed.
WALTERS, P.J. and HADLEY, J., concur.