OPINION
{¶ 1} Appellants, Talia Paris ("Talia") and John Paris ("John") appeal from the trial court's entry of judgment awarding permanent custody of Kiwani Eggleston ("Kiwani") and Victor Paris ("Victor")[1] to the Ashtabula County Children's Services Board ("CSB"). We affirm.
 {¶ 2} CSB gained emergency, temporary custody of Kiwani and Victor on February 9, 2001. Talia and John stipulated to a finding of probable cause for the removal of the children and their placement into temporary custody. The children were removed from the home because they were being abused. This abuse included being struck, locked in a room for extended periods of time, and being shocked by an electric dog collar. The children were also removed because of poor living conditions.
 {¶ 3} The court adopted a case plan for both parents on March 7, 2001. The case plan required that the parents meet the children's physical, emotional, and educational needs; that the parents learn proper parenting skills and appropriate discipline; that John control his behavior and that the parents learn appropriate, non-abusive discipline; that the parents maintain a clean, safe, and nurturing home and stable housing; and that the parents attend counseling.
 {¶ 4} On May 3, 2001, the trial court found the children to be dependent and maintained temporary custody with CSB. Case plans were filed and approved by the court.
 {¶ 5} John was granted supervised visitation rights on July 31, 2001. On August 8, 2001, the case plan was amended to require John to undergo random drug screens.
 {¶ 6} On February 11, 2002, Talia received legal custody of the children; CSB maintained protective supervision.
 {¶ 7} On March 14, 2002, CSB was again granted temporary custody of the children. CSB filed a verified complaint on March 15, 2002 and the parents stipulated to a finding of probable cause and dependency. A new case plan was filed on March 28, 2002.
 {¶ 8} CSB filed its motion for permanent custody on August 12, 2002. The magistrate heard the motion on April 7, 8, May 12, and June 10, 2003. The guardian ad litem filed her report prior to the hearing on June 10, 2003; thus all parties had the opportunity to question the guardian ad litem, but neither appellant called her as a witness. Talia filed a motion for an in camera interview of Kiwani on April 8, 2003. The guardian ad litem filed a report on June 10, 2003. On November 4, 2003, the magistrate recommended the grant of CSB's motion for permanent custody. The parents filed objections to the magistrate's decision, which the trial court overruled and entered judgment on January 8, 2004. Each parent filed a notice of appeal. We have consolidated the cases for purposes of this appeal.[2]
 {¶ 9} In their first assignment of error, appellants contend that the trial court erred in admitting hearsay during the testimony of Dr. Patricia Gillette, a psychologist. We disagree.
 {¶ 10} We review a trial court's decision to admit or exclude evidence only for an abuse of discretion. State v. Finnerty
(1989), 45 Ohio St.3d 104, 107. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Internal quotations and citations omitted.)Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In In re Walker, 11th Dist. No. 2002-A-0089, 2003-Ohio-799, we reversed the trial court's judgment terminating parental rights because the trial court had improperly admitted a report that contained multiple instances of hearsay in the form of collateral sources used by the psychologist in making her recommendation. Appellants argue that our decision in Walker is applicable in the instant case. We disagree.
 {¶ 12} In Walker, the psychologist's report was admitted into evidence. Here, it was not. We also noted in Walker that "[w]ith the exception of events that occurred during the interviews with [the mother], there was no evidence presented that Dr. Gillette perceived any of the events contained in these collateral sources." Id. at ¶ 26. In the instant case, Dr. Gillette testified that her opinions were based on her interviews of appellants and appellants' test scores. Dr. Gillette specifically testified that she did not rely on the collateral source as a basis for her opinions; that her opinions would have been the same even had the collateral source not been available; and that she reviewed only one collateral source, and did so only to confirm that Talia was being truthful and to confirm that Talia's problems were longstanding. Thus, the facts in the instant case are distinguishable from those in Walker, and we cannot say that the trial court abused its discretion in admitting Dr. Gillette's testimony. Appellants' first assignment of error is without merit.
 {¶ 13} In their second assignment of error, appellants contend that the magistrate's decision fails to detail why the children could not be returned to the parents and that the magistrate's decision is against the manifest weight of the evidence. We find no error.
 {¶ 14} R.C. 2151.414(B)(1) provides:
 {¶ 15} "* * * the court may grant permanent custody of a child to a movant if the court determines * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 16} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."
 {¶ 17} In the instant case, the magistrate detailed the reasons supporting her conclusion that the children should not be placed with the parents. Specifically, the evidence demonstrates that the cause of the second removal was substantially the same as the first. The testimony established that the home was filthy — it was littered with clutter, clothes, papers, and toys; food was strewn about the residence; the beds did not have sheets; there were no clean dishes. The children were not properly supervised — a social worker testified that the children had been playing with knives and a lighter. The children were ill with strep yet Talia had not filled their prescriptions or obtained medical cards for the children. This evidence supports the magistrate's findings that Talia was failing to meet the children's medical needs and was overwhelmed with caring for the children. The magistrate concluded that although Talia had completed a number of her case plan requirements, she had not made substantial lasting changes to insure the safety and well-being of the children. John had not completed the first case plan.
 {¶ 18} These findings support the magistrate's conclusion that the children could not be placed with either parent within a reasonable time, or should not be placed with either parent. Further, the record supports these findings. Appellants' second assignment of error is without merit.
 {¶ 19} In their final assignment of error, appellants argue that the magistrate failed to specifically support her conclusion that the grant of permanent custody was in the best interest of the children. We disagree.
 {¶ 20} "In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 21} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 22} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 23} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 24} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 25} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." R.C. 2151.414(D).
 {¶ 26} Here, the trial court discussed the interaction of the children with their foster family, their parents, and other family members. The magistrate considered evidence from the guardian ad litem as to the children's wishes. The guardian ad litem submitted a detailed and thorough report that supported her conclusion that it was in the best interest of the children for the court to grant the motion for permanent custody. Kiwani stated that she wanted to stay in the foster home. With respect to Victor, the magistrate found that he was too young to express his wishes but that the guardian ad litem had concluded that it would be in his best interest for the court to grant the motion. The magistrate also found that the children were developmentally behind at the time of removal. Kiwani had behavioral problems, and was behind in school and on her immunization. Victor was not walking or talking at the time of removal. Both children had made significant advances on these issues at the time of the hearing. Thus, the trial court found that the children were in need of a legally secure permanent placement. The record supports these conclusions.
 {¶ 27} Finally, John argues that the magistrate failed to adequately consider other suitable custodians, specifically, Sandy Eggleston, a maternal great aunt; and Bertha Eggleston, a maternal great grandmother. With respect to Sandy Eggleston, the magistrate found that she was only interested in custody of Kiwani and that she had had only minimal contact with CSB. Obviously, it is best if siblings are placed in the same home. With respect to Bertha Eggleston, she too was only interested in custody of Kiwani. Talia had alleged that Bertha Eggleston had sexually abused Kiwani. The record supports these findings, and we cannot say that the trial court erred in concluding that these individuals were not appropriate for custody or placement. Appellants' third assignment of error is without merit.
 {¶ 28} For the foregoing reasons, the judgment of the Ashtabula County Common Pleas Court, Juvenile Division, is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.
[1] Talia is the natural mother of Kiwani and Victor. Kiwani was born on September 25, 1993. Victor was born October 6, 1999. John Paris is the natural father of Victor. Robert Fenske ("Fenske") is the natural father of Kiwani. Fenske is not a party to this appeal.
[2] {¶ a} Talia states her assignments of error as follows:
{¶ b} "[1.] The trial court erred by allowing impermissible hearsay testimony from a psychologist during permanent custody proceedings.
{¶ c} "[2.] The trial court erred in determining that the subject children could not be reunified with either parent.
{¶ d} "[3.] The trial court erred in failing to properly discuss statutory best interest factors under R.C. 2151.414(D) in awarding permanent custody of the children to ACCSB."
{¶ e} John states his assignments of error as follows:
{¶ f} "[1.] The juvenile court erred by allowing impermissible hearsay into the permanent custody proceedings in the form of the testimony of Dr. Patricia Gillette.
{¶ g} "[2.] The juvenile court erred in determining that the subject children could not be reunified with their parents.
{¶ h} "[3.] The juvenile court erred in failing to properly discuss the statutory best interest factors under R.C.2151.414(D) in awarding permanent custody of the subject children to Children [sic] services."