JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant George Fields appeals his convictions for felonious assault and domestic violence. After a thorough review of the arguments, and for the reasons set forth below, we affirm.
 {¶ 2} On March 9, 2006, the Cuyahoga County Grand Jury indicted appellant on four counts. The indictment charged him with three counts of felonious assault under R.C. 2903.11, second degree felonies; and one count of domestic violence under R.C. 2919.25, a first degree misdemeanor. On August 10, 2006, a jury convicted appellant of one count of felonious assault and one count of domestic violence. On October 2, 2006, the trial court sentenced him to community control sanctions for two years.
 {¶ 3} The facts that gave rise to this appeal occurred on February 2, 2006. Appellant accused his wife, Norma McEwen ("the victim") of having an affair. According to the victim's statement, appellant punched her jaw and hit her in the leg with a candle holder. Appellant also stated, "I'm going to kill you." Finally, appellant stabbed the victim in the stomach and arm with a knife. The victim's 911 call recorded appellant yelling at and threatening the victim.
 {¶ 4} Officer Lastuka arrived on the scene first. He could hear yelling and found the victim crying and bleeding on the floor. The victim told the officer that her "husband, George Fields" injured her. Officer Lastuka arrested appellant and then *Page 4 
interviewed the victim. The victim reported that she was arguing with her husband when he began assaulting her, threatened to kill her, and ultimately stabbed her.
 {¶ 5} Officer Alcantara was also on the scene and was able to corroborate Officer Lastuka's testimony. He testified that appellant smelled like alcohol and appeared intoxicated while en route to the police station.
 {¶ 6} Appellant brings this appeal asserting four assignments of error for our review. All of the assignments of error involve the admissibility of evidence.
 {¶ 7} It is well established that under Ohio Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231; State v.Sibert (1994), 98 Ohio App.3d 412. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104, 107. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins (1984),15 Ohio St.3d 164. Finnerty, supra, at 107-108.
 {¶ 8} An abuse of discretion connotes more than an error in law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. As the Supreme Court has noted: *Page 5 
 {¶ 9} "An abuse of discretion involves far more than a difference in * * * opinion. The term `discretion' itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance thereof, not the exercise of reason but rather of passion or bias."Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, quotingState v. Jenkins (1984), 15 Ohio St.3d 164, 222.
 Hostile Witness {¶ 10} "I. The trial court improperly permitted, over defense's objection, the state to treat the alleged victim as a hostile witness and cross-examine her by using her prior written statement, thus causing undue prejudice to the appellant."
 {¶ 11} Appellant argues that the trial court erred when it permitted the state to treat the victim as a hostile witness. More specifically, he contends that by doing so, the trial court caused him undue prejudice. We do not agree.
 {¶ 12} After signing a written statement at the scene, where she claimed appellant assaulted her, the victim testified at trial that she had cut herself. She testified that she only signed the statement, while drunk, and did not write the statement herself. Finally, the victim claimed she did not remember anything she *Page 6 
said to the police at the scene. The state was then allowed to examine the victim by using leading questions to develop her prior written testimony.
 {¶ 13} Appellant is under the assumption that the state was attacking the victim's credibility by impeaching her using her prior written statement; however, the state examined her on direct examination with leading questions to develop her prior written statement, not to impeach her. "Leading questions [may be used on direct examination] to develop [a witness'] testimony. * * * When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." (Emphasis added.) Ohio Evid.R. 611(C).
 {¶ 14} The victim was not a hostile witness as appellant claims. She was an adverse witness. A hostile witness is a witness who surprises the calling party by turning against him. An adverse witness is a witness aligned with an opposing party because of a relationship or common interest in the litigation. State v. Darkenwald, Cuyahoga App. No. 83440, 2004-Ohio-2693. While the difference between the terms "hostile" and "adverse" witnesses are often blurred, it is clear that the victim was an adverse witness in this case. Here, the victim was aligned with her husband. She was married to appellant and testified that she wanted to reconcile with him. The victim also testified that she did not want to testify against appellant. Under Ohio Evid.R. 611(C), the trial court properly allowed the state to examine the adverse witness with leading questions. The court did not act in an unreasonable, *Page 7 
arbitrary or unconscionable manner. Accordingly, appellant's first assignment of error is overruled.
 Admission of Victim's Written Statement {¶ 15} "II. The trial court erred, when it admitted, over the defense's objection, the alleged victim's written statement as substantive evidence."
 {¶ 16} Appellant argues that the trial court erred when it admitted the victim's statement as substantive evidence. More specifically, he argues that the trial court should have instructed the jury that the statement should have been used for impeachment purposes only. We find this argument to be without merit.
 {¶ 17} Under Ohio Evid.R. 613(B), the trial court must provide the jury a limiting instruction when considering a prior written statement that is used for impeachment purposes only. However, such an instruction was not necessary here because the victim's prior written statement was admitted for substantive purposes, not impeachment, and was admissible hearsay under the "recorded recollection" hearsay exception.
 {¶ 18} Even though the victim was available as a witness, the trial court properly admitted her prior written statement. Under Ohio Evid.R. 803(5), the following may be admitted pursuant to a hearsay exception:
 {¶ 19} "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or *Page 8 
adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, [it] may be read into evidence but maynot itself be received as an exhibit unless offered by an adverseparty." (Emphasis added.)
 {¶ 20} The victim signed a statement immediately after her alleged assault. She admitted she understood that, by signing the written statement, she attested that it was truthful and accurate. At trial, she was given the opportunity to refresh her memory with the statement, but her memory failed. After she testified that her memory failed, she read the statement into the record for substantive purposes under Ohio Evid.R. 803(5). The testimony was admissible under this hearsay exception; however, under Ohio Evid.R. 803(5) the evidence may not itself be received as an exhibit. Therefore, the trial court should not have submitted the written statement to the jury.
 {¶ 21} Having the witness read the statement was permissible under Ohio Evid.R. 803(5), but receiving the evidence as an exhibit was not appropriate, thus it was an abuse of discretion. However, we find that this error was harmless. Any error is harmless if it did not affect the accused's "substantial rights." Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error. Before constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." Chapman, supra, 386 U.S. at 24,87 S.Ct. at 828. Where there is no reasonable possibility that the unlawful testimony contributed to a *Page 9 
conviction, the error is harmless and therefore will not be grounds for reversal. State v. Lytle (1976), 48 Ohio St.2d 391, paragraph 3 of the syllabus, vacated on other grounds in (1978), 438 U.S. 910,98 S.Ct. 3135.
 {¶ 22} We cannot say that the outcome of the trial clearly would have been different, but for the trial court's improper action. There was a myriad of other evidence that established the basis for appellant's conviction, which included: the weapon, the victim's 911 call, crime scene photos, Officer Lastuka's testimony that he found the victim crying and bleeding on the floor and had heard the parties yelling, the victim's statements to police including that appellant had harmed her, and the victim's written statement, which she was properly permitted to read at trial. Because the outcome of the trial would not have been different, we find that the trial court's error was harmless.
 {¶ 23} Because the statement was admitted for substantive purposes pursuant to a valid hearsay exception, the trial court did not err when it failed to instruct the jury to use the evidence for impeachment purposes only. While the evidence should not have been admitted as an exhibit, we find that that error was harmless error because the outcome of the trial would not have changed, even without the evidence. Accordingly, appellant's second assignment of error is overruled.
 Motion for Mistrial *Page 10 {¶ 24} "III. The trial court erred when it denied the defense's motion for a mistrial for the state's inquiry of Officer Alcantara as to whether the appellant spoke to the police after he was arrested."
 {¶ 25} Appellant argues that his right to remain silent was violated when the state asked Officer Alcantara if appellant spoke to the police after his arrest. More specifically, he asserts that the admission of this evidence gave the jury the impression that appellant's failure to speak to the officers was evidence of guilt. This argument is without merit.
 {¶ 26} Officer Alcantara's direct examination included the following questioning:
 {¶ 27} "Q. Why was [appellant] arrested?
 {¶ 28} "A. Mr. Fields was arrested for felonious assault, domestic violence.
 {¶ 29} "* * *
 {¶ 30} "Q. [You took him to] the Cleveland police prison unit?
 {¶ 31} "A. Yes.
 {¶ 32} "* * *
 {¶ 33} "Q. So basically you did the transport [of Mr. Fields]?
 {¶ 34} "A. Yes, sir.
 {¶ 35} "Q. Now, Mr. Fields did not have to talk to you; is that correct?
 {¶ 36} "A. No, he didn't. *Page 11 
 {¶ 37} "Q. And during the course of his ride downtown, did he talk to you?
 {¶ 38} "Mr. Watson: Objection, your honor.
 {¶ 39} "Mr. Floyd: I could rephrase that, your Honor.
 {¶ 40} "The Court: I'll allow it.
 {¶ 41} "Q. Did [appellant] make any statements to you?
 {¶ 42} "Mr. Watson: Objection.
 {¶ 43} "The Court: The objection is overruled.
 {¶ 44} "A. I don't recall.
 {¶ 45} (Tr. 322-323.)
 {¶ 46} Miranda warnings provide a suspect with the assurance that the state will not use a defendant's silence against him at trial. State v.Doyle (1976), 426 U.S. 610, 96 S.Ct. 2240. "Prosecutors must therefore take care not to equate the defendant's silence to guilt." State v.Thompson (1987), 33 Ohio St.3d 1, 4, 514 N.E.2d 407, 411. However, the state may inquire as to whether a suspect made any statements in order to "explain the course of the police investigation." State v.Jaradat, Cuyahoga App. No. 88290, 2007-Ohio-1971. The Jaradat court cautioned that, while such questioning should be avoided, such an inquiry is not an insinuation of guilt, and therefore, permissible. Id.
 {¶ 47} Here, the state's line of questioning involved the extent of the police investigation, particularly the transport of appellant to the police station. Importantly, *Page 12 
Officer Alcantara ultimately testified that he did not know if appellant said anything. There can be no insinuation of guilt based on silence where the state was unable to even ascertain whether he was silent and never introduced appellant's silence into evidence.
 {¶ 48} Even if there was a Doyle violation, it was harmless error. The state has to prove, beyond a reasonable doubt, that the error did not contribute to the guilty verdict. Jaradat, supra, citing Chapman v.California (1967), 386 U.S. 18, 87 S.Ct. 824. Here, appellant was convicted based upon the testimony of the witnesses, the victim's written statement, crime scene photos depicting the victim's injuries, introduction of the weapon, and 911 recordings. Therefore, it is clear, beyond a reasonable doubt that, even if there were a Doyle violation, it was harmless error, and the court did not act in an unreasonable, arbitrary or unconscionable manner in admitting the evidence. Accordingly, appellant's third assignment of error is overruled.
 Hearsay Testimony {¶ 49} "IV. The trial court erred when it denied the defense's motion for a mistrial for the allowance of hearsay statements imputed to the alleged victim although it did not fall under any of the hearsay exceptions."
 {¶ 50} Appellant argues that the trial court erred by allowing the introduction of hearsay statements. More specifically, he contends that the victim's comments to *Page 13 
Officer Lastuka did not fall into the "excited utterance" exception to hearsay and were therefore inadmissable. We do not agree.
 {¶ 51} Under Ohio Evid.R. 803(2), otherwise inadmissible hearsay is admissible if it is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Excited utterances are considered trustworthy because they are made while the event is still fresh in the declarant's mind. State v. Taylor (1993), 66 Ohio St.3d 295, 300,612 N.E.2d 316. This court has outlined the requirements for a statement to be considered an excited utterance:
 {¶ 52} "A statement must concern some occurrence startling enough to produce a nervous excitement in the declarant, which * * * the declarant had an opportunity to observe, and must be made before there had been time for such nervous excitement to lose domination over his reflective faculties." State v. McCree, Cuyahoga App. No. 87951, 2007-Ohio-268.
 {¶ 53} The victim's statements to Officer Lastuka fall within the excited utterance exception. Her assault was clearly a startling event. Officer Lastuka testified that upon entering the apartment, he saw the victim on the floor crying and bleeding, which shows she was still under nervous excitement. Officer Lastuka testified that she was still "upset and visibly shaken" while talking with him. Clearly, she was excited and upset throughout her discussion with the officer. *Page 14 
 {¶ 54} Appellant argues that, even if the victim was under nervous excitement at some point, her statements to the police were too far removed from the time frame, especially during the second interview with Officer Lastuka. This argument fails. The victim's statements were made immediately after the alleged assault. Officer Lastuka testified that the victim was still upset during the first and second interviews, which occurred immediately after the assault. Throughout her discussion with the officer, she was still at the scene of the crime.
 {¶ 55} It is not unreasonable to believe that the victim was notably upset and still under nervous excitement while being interviewed. Therefore, the court did not act in an unreasonable, arbitrary or unconscionable manner in admitting the evidence. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 56} Judgment is hereby affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 15 
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1