{¶ 1} Appellant, Leroy Whitfield, appeals his convictions on one count of kidnapping and five counts of gross sexual imposition. After a thorough review of the arguments, and for the reasons set forth below, we affirm.
 {¶ 2} On June 2, 2006, appellant was indicted on 17 counts. Counts 1-3, 12-13, and 17 charged kidnapping; Counts 4-11 and 14-16 charged gross sexual imposition. The alleged acts occurred from May 1, 2006 to May 15, 2006 against three sisters (collectively "the victims"). Counts 1-11 pertained to victim T.B. (age 9); counts 12-16 pertained to victim J.H. (age 7); and count 17 pertained to victim Y.H. (age 6).[1]
 {¶ 3} On June 7, 2006, appellant pleaded not guilty to all charges, and a jury trial began on January 9, 2007. The trial court held a competency hearing for victims T.B. and J.H. and found both witnesses competent to testify. At the end of the state's case, appellant made a Crim.R. 29 motion for acquittal. The trial court granted that motion as to Counts 1, 8, 9, 10, 11, 12 and 17. Ultimately, the jury found appellant guilty of one count of kidnapping and five counts of gross sexual imposition.
 {¶ 4} On February 15, 2007, appellant was sentenced to seven years on the kidnapping count, with a sexual motivation specification, and five years on each count of gross sexual imposition. All sentences were to run concurrently, for a total *Page 4 
of seven years. After hearing, the trial court classified appellant as a sexually oriented offender.
 {¶ 5} The facts that lead to this appeal began when the victims' mother, S.H. ("mother"), moved her family into her sister's home. Appellant had been renting a room in the home for about six months when mother and daughters moved in. Appellant, known to the victims as "Wacko," invented a club he called "the Cool Kids Club." In order to belong to the club, you had to "do nasty stuff [like] hump people."
 {¶ 6} T.B.'s testimony included the following. Appellant often brought her and her sister junk food. Once, appellant tried to go under T.B.'s blanket and rub her legs. On a second occasion, appellant touched T.B.'s "butt and private parts" in the bathroom. T.B. told him to stop, but could not get away. On a different day, appellant touched T.B.'s chest.
 {¶ 7} J.H. testified that appellant "touched her private part"; appellant put his hand in her underwear; and on another day, appellant tried to "hump" her. Mother testified that she was unaware of the abuse until May 15, 2006. Sonnia Ramsey-Draper, a social worker from CCDCFS, also testified at trial.
 {¶ 8} Appellant brings this appeal, asserting three assignments of error for our review. *Page 5 
 Competency to Testify {¶ 9} "I. The trial court erred in finding the victims ages nine and seven competent to testify."
 {¶ 10} Appellant argues that the trial court erred when it found T.B. and J.H. competent to testify. This argument is without merit.
 {¶ 11} It is well established that, under Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231,553 N.E.2d 1026; State v. Sibert (Nov. 4, 1994), Adams App. No. 93CA562. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty (1989), 45 Ohio St.3d 104,107, 543 N.E.2d 1233. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins (1984), 15 Ohio St.3d 164,473 N.E.2d 264; Finnerty, supra, at 107-108.
 {¶ 12} Under Evid.R. 601(A), "every person is competent to be a witness except: those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *."
 {¶ 13} The trial court must consider certain factors in determining whether a child under ten is competent. These factors include: "(1) the child's ability to *Page 6 
receive accurate impressions of fact or to observe acts about which he * * * will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what he observed, (4) the child's understanding of truth and falsity, and (5) and the child's appreciation of his * * * responsibility to be truthful."State v. Frazier (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483.
 {¶ 14} Here, the trial court properly found both girls competent to testify after asking them a series of questions. They both knew the difference between truth and falsity. Both girls testified that they knew if they told a lie, they would "get in trouble." Finally, both girls demonstrated an ability to communicate and to receive and recollect impressions of fact. For example, they discussed school activities, cartoons, and whether cartoon characters were real or pretend.
 {¶ 15} We note that appellant believes the victims lack credibility; however, credibility is irrelevant to the issue of competence. Credibility is to be determined by the trier of fact, and we find that the trial court did not abuse its discretion when it found the victims competent to testify. Accordingly, appellant's first assignment of error is overruled.
 Admissibility of Testimony {¶ 16} "II. The trial court erred in allowing a social worker, Sonnia Ramsey-Draper, to testify as to her and her agency's determination that the alleged victims' allegations of sexual abuse were credible, and thus deprived appellant of his constitutional right to due process and a fair trial." *Page 7 
 {¶ 17} Appellant argues that the trial court erred when it permitted the social worker to testify regarding the credibility of the victims' allegations. This argument is without merit.
 {¶ 18} As appellant correctly argues, in State v. Boston (1989),46 Ohio St.3d 108, 545 N.E.2d 1220, the Ohio Supreme Court held that, in child sexual abuse cases, an expert may not give her opinion as to the child's veracity. Further, in State v. Burrell (Aug. 4, 1993), Summit App. No. 15772, the court held that a physician's testimony that he believed the victim was molested was based solely on the victim's statements and, absent any other evidence of sexual abuse, was inadmissible. Finally, in State v. Knight, Cuyahoga App. No. 87737, 2006-Ohio-6437, this court reversed a defendant's conviction when a nurse practitioner testified that the child was abused because her opinion was not based on any medical or physical evidence.
 {¶ 19} In the case before us, the social worker determined that the allegations against appellant were "indicated." According to the social worker, "indicated" means "the worker has found some evidence, be they statements, consistent statements, physical evidence, corroboration with statements, that suggests that the alleged incident could have occurred." In State v. Smelcer (June 21, 1993), Cuyahoga App. No. 62019, this court held that a social worker's determination that allegations are "indicated" is not considered testimony regarding veracity. In *Page 8 Smelcer, the social worker "was not asked nor did he express any opinion about [the victim's] veracity. * * * He did not say that he thought [the victim's] statements were credible, consistent, or truthful. [The social worker's] statement reflected his agency's policy of classification of child abuse cases and not an assessment of [the victim's] credibility." Id.
 {¶ 20} Finally, the trial court provided a jury instruction that "any findings that may have been made outside of the court should have no bearing on your fact-finding, your independent fact-finding function in this case."
 {¶ 21} Regarding appellant's citation to cases where courts have found testimony inadmissible, we find that those cases are distinguishable from this case. In Burrell, this court held that a physician's testimony was inadmissible because he testified that he believed the victim solely because of the victim's statement. In Knight, this court held that a nurse practitioner's testimony that a child was abused was inadmissable because she had used the child's statements to make a medical diagnosis.
 {¶ 22} Here, the social worker did not testify whether she believed the victims, and she was not making a medical diagnosis. She did not testify as to the veracity of the victims. She merely testified that the abuse was "indicated." According to the social worker, "indicated" means that the incident could have occurred, not *Page 9 
necessarily that it did. Therefore, we find that the social worker did not testify as to veracity and that her testimony was properly admitted.
 {¶ 23} Even if the social worker's testimony was improperly admitted, we find that such testimony would be harmless error. Any error will be deemed harmless if it did not affect the accused's substantial rights. Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error. Before constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt."Chapman, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Where there is no reasonable possibility that the unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. State v. Lytle (1976), 48 Ohio St.2d 391, paragraph 3 of the syllabus, vacated on other grounds in U.S. v.Moriani (1978), 438 U.S. 910, 98 S.Ct. 3134, 57 L.Ed.2d 1154.
 {¶ 24} Here, both victims provided consistent testimony regarding the abuse. The jury had the opportunity to determine the victims' credibility, regardless of how credible the social worker found them to be. The jury heard the testimony of the victims and found that there was enough evidence to convict appellant. Therefore, we hold that the trial court did not abuse its discretion in allowing the social worker's testimony. Accordingly, appellant's second assignment of error is overruled.
 Manifest Weight *Page 10 {¶ 25} "III. The jury verdicts of guilty were against the manifest weight of the evidence."
 {¶ 26} Appellant argues that his convictions were against the manifest weight of the evidence. More specifically, he alleges that "there was a total lack of credible evidence and/or reliable evidence weighing in favor of guilt." This argument is without merit.
 {¶ 27} Upon application of the standards enunciated in Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, the court in State v. Martin (Feb. 9, 1983), Hamilton App. No. C-820238, set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 28} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 29} It is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132. *Page 11 
 {¶ 30} The jury had the opportunity to review the evidence presented by both sides and weigh the credibility of witnesses. Here, both victims testified regarding the alleged abuse. Their stories remained consistent throughout trial. Appellant argues that the jury was influenced by the improper admission of the social worker's testimony; however, as discussed above, that testimony was properly admitted.
 {¶ 31} Appellant also argues that J.H. and T.B. lack credibility because of comments they made about starting fires. J.H. said that T.B. tried to start a fire, which T.B. denied. Appellant argues that the girls claimed he abused them in order to retaliate against him after he told their mother that they were starting fires. Regardless of the circumstances surrounding the fires, the jury was presented with all the evidence, which included the testimony about the fires. After hearing all of the testimony, the jury determined the witnesses to be credible and determined that the fire incidents were irrelevant to the issue of whether the girls were abused. The victims consistently testified that appellant molested them.
 {¶ 32} Finally, appellant contends that the jury was distracted by the state's reference to appellant as "Wacko." However, the state used the name "Wacko" because the children knew appellant solely as "Wacko." Therefore, we find that there is no indication that, after hearing all the evidence, the jury lost its way. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 12 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., JUDGE
KENNETH A. ROCCO, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] Ages of the victims at the time the alleged acts occurred. *Page 1