OPINION
{¶ 1} Appellant Frederick A. Mankin ("Frederick") appeals the divorce decree granted by the Monroe County Court of Common Pleas on the grounds that the division of marital property was inequitable. Frederick entered into a common law marriage with Appellee Julie R. Mankin ("Julie") in 1988, and the divorce occurred in 2006. Frederick did not attend the final divorce hearing. The trial court awarded more marital assets to Julie, primarily by awarding her the marital home worth approximately $40,000. Because Frederick did not attend the final divorce hearing, no evidence was presented at that hearing to rebut Appellee's presentation of the facts and circumstances of the case. The record supports the trial court's judgment, and it is hereby affirmed.
 {¶ 2} The parties were married in a common law marriage sometime in 1988. Frederick removed himself from the marital home in 2006, and Julie filed for divorce in Monroe County on January 16, 2007. Julie was represented by counsel, but Frederick did not obtain counsel until after the divorce decree was granted.
 {¶ 3} The final divorce hearing was held on June 5, 2007. The court sent both parties notice of the hearing on April 27, 2007. Frederick did not attend the hearing. Julie testified at the hearing that the parties had entered into a common law marriage prior to 1990. They had two children together. Julie was living in Beallsville, Ohio, with the children. Julie was unemployed and living with the help of public assistance. She had a nursing degree, but was diagnosed with endometrial cancer and was awaiting surgery, so she could not work. Frederick had moved away *Page 2 
in 2006 and was living in Louisiana, and was not contributing any support to Julie or the children.
 {¶ 4} Julie testified that in 1996 they purchased a home together located at 41201 Atkinson Road, Beallsville, Ohio. The home and accompanying 20 acres of land was appraised at $39,900, and there was no mortgage on the property (although there was $3,192.42 in current and delinquent property taxes due on the property).
 {¶ 5} Julie testified about the various vehicles the parties owned. She listed a 2004 Toyota Scion (worth $7,500, with a loan balance of $6,200), a 1997 Chevy Cavalier (valued at $1,200, with a loan balance of $1,400), a non-working 1999 Chevy Cavalier (valued at $100), and a 2006 Harley-Davidson Road King (valued at $36,000, with a loan balance of $36,000). Frederick had the motorcycle in his possession. The remaining vehicles were in Julie's possession.
 {¶ 6} Julie also testified that the personal property remaining with her was valued at $2,000. She testified that Frederick took a number of tools with him when he left for Louisiana, but she was not able to provide an estimated value of those tools.
 {¶ 7} Julie also stated that she had an outstanding student loan of $27,000. She took out the loan to go to nursing school. She successfully completed her nursing course and received an LPN degree. She asked that Frederick accept responsibility for one-half of the loan because there was an understanding between them that it would benefit both of them. *Page 3 
 {¶ 8} The court inquired into Julie's expectations regarding spousal support or an interest in Frederick's pension, if a pension existed. Julie replied that there was no request for spousal support or for interest in any possible pensions.
 {¶ 9} The court filed the divorce decree on July 11, 2007. The court awarded Julie the marital home, along with the property tax debt. The court divided the remaining assets and liabilities almost equally, including assigning one-half of Julie's educational loan to each party. Julie did not ask for any specific amount of child support. The court ordered support of $50 per month per child.
 {¶ 10} Frederick filed an appeal on July 23, 2007, and later obtained counsel. His counsel filed for a motion for stay of execution of the divorce, which was granted, and a Civ. R. 60(B) motion for relief from judgment, which was overruled.
 ASSIGNMENT OF ERROR {¶ 11} "The Court's division of the parties' marital property was unfair and inequitable."
 {¶ 12} Frederick contends that the trial court burdened him with substantial marital debt from the division of marital property, while refusing to award him any marital assets. He argues that this was grossly inequitable. We review the trial court's division of marital property only for an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 421 N.E.2d 1293. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. *Page 4 
 {¶ 13} It is well-established that the trial court should divide marital property equally, unless it determines that an equal division would be inequitable. See R.C. 3105.171(C)(1). If the division of marital assets is not equal, the trial court should explain in sufficient detail why an unequal division is equitable. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.
 {¶ 14} A reviewing court examines the overall equity of the division of marital property: "[I]t is not this court's role to conduct an item by item review of the marital assets and liabilities. Our review is limited to the equity, i.e., fairness * * *." Fergus v. Fergus (1997),117 Ohio App.3d 432, 438, 690 N.E.2d 949.
 {¶ 15} Frederick's argument is hindered greatly by the fact that he did not attend the divorce hearing. Thus, the only evidence in this case was presented by Julie. Generally, if a party fails to appear at the final divorce hearing, "[a]ny deficiency claimed by appellant is explained by appellant's failure to appear at his final divorce hearing." Huff v. Huff (Dec. 14, 2000), 8th Dist. No. 77670, at *1.
 {¶ 16} A review of the total assets and liabilities awarded in the division of marital property reflects that Julie received a net total of assets and debts of $24,408 while Frederick received a net total consisting primarily of marital debt of (-$13,500). The vast amount of the difference stems from the value of the marital home, which has a net value of $36,708 [$39,000 minus the taxes of $3,192]. Taking the house and land out of the equation leaves the parties relatively equal, with Julie being assigned (-$12,300) and Frederick being assigned (-$13,500). The record indicates that Julie was awarded custody of the children and that Frederick was not given any *Page 5 
visitation rights since he failed to attend a court-ordered counseling program. One of the factors listed in R.C. 3105.171(F) in determining a division of marital property looks at which party is awarded custody of the children: "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage[.]" Because Julie has sole custody of the children, this fact alone sufficiently explains the division of marital property. Thus, the record supports the trial court's judgment.
 {¶ 17} We note that the record does indicate Frederick received notice of the final divorce hearing. A copy of the journal entry from April 27, 2007, setting the hearing date, was sent to Frederick.
 {¶ 18} As there is no apparent error in the division of marital property, Appellant has failed to establish an abuse of discretion, and his sole assignment of error is overruled. The judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1