[Cite as *North v. Eichler*, 2026-Ohio-857.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| MELISSA L. NORTH | : | |
| | : | C.A. No. 30614 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 DR 00344 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| CHRISTIAN W. EICHLER | : | Domestic Relations) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 13, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HUFFMAN, J., concur.

CYNTHIA L. WESTWOOD, Attorney for Appellant
MARK D. WEBB and ELAINE M. LANDIS, Attorneys for Appellee

LEWIS, P.J.

{¶ 1} Appellant Christian W. Eichler appeals from a divorce decree entered by the Montgomery County Common Pleas Court, Domestic Relations Division. For the following reasons, we affirm the judgment of the trial court.

## I.     Facts and Course of Proceedings

{¶ 2} On June 11, 2025, appellee Melissa L. North filed a complaint for divorce in the Montgomery County Common Pleas Court, Domestic Relations Division. North alleged that she had married Eichler in October 2000, they had no children together, and they were incompatible. She sought a divorce, an equitable division of property, allocation of marital debt, attorney fees, costs, and all other appropriate relief. She filed an affidavit of financial disclosure and a motion for temporary restraining orders. On June 21, 2025, the process server completed personal service of the summons on Eichler.

{¶ 3} On June 24, 2025, the trial court issued an order scheduling the final hearing for August 20, 2025. The order alerted the parties to bring a prepared final judgment and decree of divorce to the final hearing, or the case would be re-set. The order also provided, "If an Answer or other responsive pleading is filed by the Defendant in this case, the case will be taken off of the non-contested hearing docket and will be set for a pretrial and trial. In the event of that occurrence, a separate Order Scheduling Pretrial and Trial will be sent." The order noted that a copy of it was sent via U.S. mail to Eichler at 1123 Chambrey Court, Dayton, Ohio 45458, his last-known address.

{¶ 4} Eichler did not appear for the August 20, 2025 hearing and did not file an answer to North's complaint. North and her sister testified at the August 20, 2025 hearing. North testified that she had reviewed the proposed divorce decree and believed that it was fair and equitable. She confirmed that she had completed and filed a financial affidavit that disclosed all her assets, debts, and liabilities. North asked for a divorce based on incompatibility. North's sister testified that she had witnessed the marriage deteriorate and believed that the divorce should be granted on the grounds of incompatibility. She agreed that North was an honest and truthful person and had testified truthfully.

{¶ 5} At the close of the hearing, the trial court found that North and Eichler were incompatible. The trial court then issued its final judgment entry and decree of divorce. The court found that Eichler was properly served with summons according to law and such service was approved and confirmed. The trial court divided the marital property and ordered North to pay Eichler $2,000 per month in spousal support for a total of 96 months. Eichler filed a timely notice of appeal.

II. **The Record Fails to Support Eichler's Argument that He Was Not Served with Notice of the Final Hearing**

{¶ 6} Eichler's first assignment of error states:

The trial court erred as a matter of law when it proceeded with trial in the absence of the Defendant, despite his failure to receive proper Notice of the final hearing.

{¶ 7} Eichler argues that the trial court failed to provide notice of the final hearing to him as required by Civ.R. 75(L). Despite conceding that he was properly served with the summons and that he was in constant communication with North and her counsel during the

3

divorce proceedings, Eichler contends that the docket entries "are insufficient to show that [he] was placed on Notice of the final hearing date." Appellant's Brief, p. 3.

{¶ 8} North responds that Eichler was appropriately served with summons by way of process server at the residence where he "lived and continues to live." Appellee's Brief, p. 3. North further points out that both Civ.R. 5(B)(2) and 75(L) require subsequent documents to be served by regular mail to a party's last known address. According to North, the record establishes that the notice of final hearing was mailed to Eichler's last known address—the former marital residence—and the record is devoid "of any return mail service to that address." Appellee's Brief, p. 4.

{¶ 9} Civ.R. 75(L) provides: "In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial." Based on the record before us, we must conclude that the trial court complied with this rule. On June 24, 2025, the trial court issued an order scheduling the final hearing for August 20, 2025. At the end of the order, the court noted that a copy of the order was sent to Eichler at 1123 Chambrey Court, Dayton, Ohio 45458, his last-known address. There is nothing in the record showing that this mail was returned as undeliverable or that this was the incorrect last-known address for Eichler. While it is possible that the June 24, 2025 order failed to reach Eichler's address via U.S. mail, there is nothing in our record that establishes such a failure. With limited exceptions, none of which apply here, we are confined to the record before us when deciding parties' assignments of error.

{¶ 10} The first assignment of error is overruled.

### III. The Trial Court Did Not Abuse Its Discretion in Equally Dividing the Parties' Property

{¶ 11} Eichler's second assignment of error states:

The trial court erred as a matter of law when it failed to make a finding of an equitable division of assets on the record in the absence of the Defendant's presence at trial.

{¶ 12} Eichler argues that the trial court failed to comply with the requirements of R.C. 3105.171 when it did not make any findings of fact on the record and did not review the proposed decree at the time of the final hearing. According to Eichler, the trial court was required to make findings of fact as to the equitable division of property under the court's statutory obligations set forth in R.C. 3105.171.

{¶ 13} North responds that a proposed decree was submitted to the trial court prior to the final evidentiary hearing. North points out that she testified about completing and filing a financial affidavit that disclosed all her assets, debts, and liabilities. She also testified that she believed the proposed decree was fair and equitable. According to North, the decree provides for the equitable division of property and the payment of spousal support to Eichler. North also notes that Eichler failed to identify any division of property in the divorce decree that was not fair and equitable.

{¶ 14} A trial court's division of marital property will not be reversed absent an abuse of discretion. *Cherry v. Cherry*, 66 Ohio St.2d 348 (1981), paragraph two of the syllabus. "A trial court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner." *State v. Finnerty*, 45 Ohio St.3d 104, 107 (1989).

{¶ 15} With respect to property division in a divorce proceeding, the trial court "shall divide the marital and separate property equitably between the spouses."

5

R.C. 3105.171(B). The starting point of a trial court's analysis in the division of marital property in a divorce is an equal division of assets. R.C. 3105.171(C)(1). "If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." *Id.*

{¶ 16} Eichler does not argue that the trial court's property division was inequitable or that the trial court made any mistakes in the listing, valuation, or division of property. Rather, he argues that the trial court failed to comply with R.C. 3105.171 by not making "a finding of fact that supports the determination that the division was equitable." Appellant's Brief, p. 4. We do not agree.

{¶ 17} North submitted an affidavit of finances when she filed her complaint for divorce. This affidavit set forth her assets and the parties' incomes. Prior to the hearing, North submitted to the trial court a proposed final divorce decree that contained the property owned by the parties and the value of that property. Tr. 4. This submission of a proposed divorce decree was required by the trial court's June 24, 2025 order, which alerted the parties to bring a prepared final judgment and decree of divorce to the final hearing, or the case would be re-set. It is not surprising that North had the required information to draft the proposed decree for the court given the fact that she had been married to Eichler since 2000 and had filed an affidavit of finances earlier in the proceeding. At the final evidentiary hearing, North testified that she believed the terms in the proposed divorce decree were fair and equitable. The trial court then divided the property equally and stated in its judgment entry that its division of property was "fair, reasonable, and equitable." Absent evidence to the contrary, it was not an abuse of discretion for the trial court to rely on North's recitation of the property and its corresponding value.

6

**{¶ 18}** Eichler could have presented contrary evidence regarding what property existed and its value if he had attended the final divorce hearing. Or he could have presented other evidence supporting a division of property that he believed was more equitable. But Eichler failed to attend the hearing. "Generally, if a party fails to appear at the final divorce hearing, '[a]ny deficiency claimed by appellant is explained by appellant's failure to appear at his final divorce hearing.'" *Lakkapragada v. Lakkapragada*, 2014-Ohio-331, ¶ 59 (2d Dist.), quoting *Mankin v. Mankin,* 2008-Ohio-6214, ¶ 15 (7th Dist.). Indeed, "'[i]t is well established that where a party fails to appear at the final hearing and present evidence concerning the parties' assets and liabilities, the absent party may not then raise issues on appeal concerning the weight of the evidence regarding the assets and liabilities at issue.'" *Gordon v. Gordon*, 2009-Ohio-177, ¶ 18 (5th Dist.), quoting *Sims v. Sims*, 2000 WL 23184, *4 (8th Dist. Jan. 13, 2000).

**{¶ 19}** Eichler failed to file an answer to North's complaint and failed to appear at the final divorce hearing. Moreover, he fails to identify any evidence in the record that establishes that the trial court made any mistakes in its division of the parties' property or that he was prejudiced by any such mistakes. Nothing in the record supports the conclusion that the trial court abused its discretion in its property division or that Eichler was prejudiced by the trial court's property division. Therefore, the second assignment of error is overruled.

## IV.    Conclusion

**{¶ 20}** Having overruled the assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.