**[Cite as *In re Estate of Kendrick*, 2026-Ohio-2002.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF | : | |
| MARY FRANCES KENDRICK AKA | : | C.A. No. 30667 |
| MARY F. KENDRICK | : | |
| | : | Trial Court Case No. 2024 EST 01906 |
| | : | |
| | : | (Appeal from Common Pleas Court-Probate Division) |
| | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 29, 2026, the judgment of the trial court is reversed and remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

REBECCA BARTHELEMY-SMITH, Attorney for Appellant
MARY H. KENDRICK, Appellee, Pro Se

LEWIS, P.J.

**{¶ 1}** Appellant Yahya Hashim appeals from an order of the Probate Division of the Montgomery County Common Pleas Court denying his Civ.R. 60(B) motion. For the following reasons, we reverse the judgment of the probate court and remand the cause for further proceedings consistent with this opinion.

## I.  Course of Proceedings

**{¶ 2}** On October 2, 2024, Mary H. Kendrick ("Kendrick"), daughter of Mary Frances Kendrick ("the decedent"), filed a statement of intention in the Probate Division of the Montgomery County Common Pleas Court. According to the statement of intention, the decedent passed away on May 8, 2019, and Kendrick sought only a transfer of the decedent's real property. Kendrick filed a next of kin form that identified Kendrick as the decedent's only daughter and Gregory Carter as the decedent's only son. Kendrick also filed copies of the decedent's death certificate and a 1992 amended final judgment decree of divorce. The 1992 divorce decree involved the decedent and Herbert Kendrick. The last paragraph of the divorce decree identified Hashim as the son of the decedent and Herbert Kendrick.

**{¶ 3}** On October 8, 2024, Kendrick filed two applications for a certificate of transfer of two parcels of real property owned by the decedent. The applications noted that the decedent had died intestate and the transfers would be pursuant to the statutes of descent and distribution. The two parcels identified in the applications are in Dayton, Ohio, at

2

316 Roxbury Road ("the Roxbury Property") and 4235 Midway Avenue ("the Midway Property"). The applications for certificate of transfer sought the transfer of the two parcels to Kendrick and Carter, in equal shares. The probate court signed the certificates of transfer on the same day they were filed.

{¶ 4} On March 13, 2025, Hashim filed an application to reopen the probate estate. According to the application, the next of kin form filed by Kendrick failed to list Hashim as a son of the decedent. The record does not contain any ruling by the probate court on Hashim's application to reopen.

{¶ 5} On September 28, 2025, Hashim filed a Civ.R. 60(B) motion for relief from the probate court's certificates of transfer. In his motion, Hashim stated that Carter had quit-claimed his share of the Roxbury Property to Kendrick, and she then sold the property to a third party. Hashim explained that the Midway Property was still owned by Kendrick and Carter pursuant to the probate court's October 8, 2024 certificate of transfer. Hashim asked the court to order Kendrick to pay him one-third of the proceeds that Kendrick had received from the sale of the Roxbury Property. He also asked the probate court to correct the certificate of transfer relating to the Midway Property to reflect the fact that he, Kendrick, and Carter each owned one-third of the property. Hashim attached the following documents to his Civ.R. 60(B) motion: (1) a copy of a settlement statement relating to the October 23, 2024 sale of the Roxbury Property; and (2) a copy of an email exchange between the purported attorneys for Hashim and Kendrick. In the email exchange, the attorney for Kendrick stated, "I spoke to Mary H. Kendrick about Mr. Hashim being an heir at law to Mary Frances Kendrick, and she acknowledges that Mr. Hashim is the son of Mary Frances Kendrick. I have not spoken to Gregory Carter at any point in time." The attorney for Kendrick also noted that the Roxbury Property had been sold to a third party and that the

3

net proceeds from the sale totaled $43,449.69. Kendrick's attorney then provided the following explanation of the ownership status of the Midway Property and Kendrick's proposal regarding the same:

> Mary H. Kendrick and Gregory Carter currently are in title 50/50 tenants in common to 4235 Midway, subject to Mr. Hashim's interest. Mary H. proposes to Quit Claim her undivided one-half interest in Midway to Mr. Hashim so that Mr. Hashim and Gregory would be the 50/50 tenants in common owners. Mary H. states that the value of Midway far exceeds the Auditor's assessed value. Again, I can't confirm that. Then, Mr. Hashim would Quit Claim his interest in 316 Roxbury to the current owner. Auditor records show the current owner is Chantel R. Richardson.

{¶ 6} The probate court denied Hashim's Civ.R. 60(B) motion without a hearing. Hashim filed a timely appeal.

## II. The Trial Court Should Have Held A Hearing

{¶ 7} Hashim's sole assignment of error states:

THE LOWER COURT ERRED DENYING THE MOTION FOR RELIEF FROM JUDGMENT.

{¶ 8} The probate court did not issue a ruling on Hashim's motion to reopen the estate to correct the next of kin form, which failed to identify him as the decedent's son. But the probate court did issue an order denying Hashim's Civ.R. 60(B) motion. The court provided the following explanation for its denial:

> In the case at bar, Movant has provided an email proposing settlement and an unauthenticated document related to real property. Both of these exhibits are at best inadmissible evidence. Movant is seeking damages and

4

relief not available in this court of limited jurisdiction. See R.C. 2101.24. Even if Movant is an heir as a matter of law, the real property in dispute has been sold to other individuals who are not parties to this case. Besides subject matter jurisdiction and personal jurisdiction problems, notice was not served on all parties or other third parties entitled to notice.

Judgment, p. 2.

{¶ 9} Hashim argues that the probate court had subject matter jurisdiction over his Civ.R. 60(B) motion because the court had exercised jurisdiction over the estate of the decedent pursuant to R.C. 2113.61(D), which "confers jurisdiction over the Probate Court to issue a Certificate of Transfer when no administration is contemplated." Appellant's Brief, p. 7. Kendrick filed a pro se response to Hashim's appellate brief in which she referred to Hashim as a "step-sibling" and mentioned three parcels of real property owned by the decedent at the time of her death.

{¶ 10} "The decision whether to grant a motion to reopen an estate is within the discretion of a probate court." *Wanamaker v. Davis*, 2007-Ohio-4340, ¶ 34 (2d Dist.), citing *In re Estate of Smith*, 2003-Ohio-1910 (3d Dist.). Similarly, our review of a probate court's decision on a Civ.R. 60(B) motion is based on whether the court abused its discretion. *Liberty Nursing Ctr. of Englewood, Inc. v. Valentine*, 2012-Ohio-1096, ¶ 57 (2d Dist.), citing *Gorby & Assoc., LLC v. McCarty*, 2011-Ohio-1983, ¶ 44 (2d Dist.). While a movant has no automatic right to a hearing on a Civ.R. 60(B) motion, it is an abuse of discretion to overrule the motion without first holding a hearing if "'the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B).'" *In re Estate of Kirkland*, 2009-Ohio-3765, ¶ 17 (2d Dist.), quoting *Boster v. C & M Servs., Inc.*, 93 Ohio App.3d 523, 526 (10th Dist. 1994). "'A trial court abuses its discretion when it acts in an

5

unreasonable, arbitrary or unconscionable manner.'" *North v. Eichler*, 2026-Ohio-857, ¶ 14 (2d Dist.), quoting *State v. Finnerty*, 45 Ohio St.3d 104, 107 (1989).

{¶ 11} The probate court stated that it did not have subject matter jurisdiction to grant any of the relief requested by Hashim. But "[t]he probate court has the same power as the court of common pleas to vacate or modify its orders or judgments." R.C. 2101.33. "'Although a certificate of transfer is not an order per se, the certificate of transfer permits a party to transfer title of real property and is signed by the court. Logic dictates that the probate court may correct a mistake it has made concerning a certificate of transfer.'" *In re Estate of Dinsio*, 2004-Ohio-6036, ¶ 38 (7th Dist.), quoting *In re Estate of DeMarco*, 1992 WL 79611 (11th Dist. Apr. 10, 1992). "Thus, the probate court can vacate a certificate of transfer as it can vacate a judgment entry." *Id.* Moreover, "[a] Civ.R. 60(B) motion for relief from judgment is an appropriate method of reopening an estate to challenge a distribution based on a mistake of fact or law." *In re Estate of Burdette*, 2016-Ohio-5866, ¶ 21 (2d Dist.), citing *Dinsio*.

{¶ 12} Based on our review of the record and applicable law, we conclude that the probate court abused its discretion by denying Hashim's Civ.R. 60(B) motion without first holding a hearing. Hashim presented the trial court with operative facts that he is the decedent's son. Further, the divorce decree filed by Kendrick with the next of kin form identified Hashim as the decedent's son. Notably, Kendrick conceded at oral argument that Hashim is the decedent's son and that the decedent had two other children not listed in the next of kin form, who are now deceased. Kendrick also mentioned in her appellate brief a third parcel of real estate owned by the decedent at the time of her death, which was not included in the applications for a certificate of transfer.

{¶ 13} Once the probate court had operative facts before it showing that Hashim is the decedent's son, the court should have at least held a hearing to determine whether Hashim was entitled to relief from the October 8, 2024 certificates of transfer signed by the probate court. If Hashim is in fact the decedent's son, then the probate court presumably has the authority to order at least a portion of the relief that Hashim seeks. For example, the court has the authority to vacate or amend the certificate of transfer relating to the Midway Property if it is still owned by Kendrick and Carter, as Hashim alleges. Other relief may be available to Hashim once the probate court gathers all the relevant evidence at the hearing and considers its authority in probate matters. We decline to speculate as to what additional remedies may or should be fashioned by the probate court, especially since the probate court has not yet gathered all the relevant facts relating to Hashim's relationship to the decedent and who currently owns the Midway Property and the Roxbury Property.

{¶ 14} The assignment of error is sustained.

### III.   Conclusion

{¶ 15} Having sustained the assignment of error, we reverse the judgment of the probate court and remand the cause for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

7